

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 5, 1962

Honorable Bradley C. Miles
County Attorney
Abilene, Texas

Opinion No. WW-1270

Re: Whether a school board
trustee is in contra-
vention of Article 373,
Vernon's Penal Code, or
guilty of official mis-
conduct under any stat-
utes relative to school
trustees, by virtue of
the stated facts.

Dear Mr. Miles:

You have asked this office for an official opinion
as to whether a school board trustee would be in contraven-
tion of Article 373 of the Penal Code or guilty of official
misconduct under any statutes relating to a school board
trustee, in being an executive or a member of an insurance
firm which acts as agent for a corporation which issues pay-
ment and performance bonds for general construction contrac-
tors who regularly bid on and submit proposals for the con-
struction of school buildings to be built by such school dis-
trict, when such bids are always accepted by the school board
on a "low bid" basis.

Article 373 of the Penal Code does not provide a
basis for criminal prosecution of an independent school dis-
trict board trustee who has become involved in school con-
tracts in his private capacity, for the reason that such arti-
cle applies "to any officer of any county or of any city or
town." However, any contracts so entered into are void, being
in violation of public policy and the particular trustee is
subject to removal proceedings on the basis of his official
misconduct. Articles 5970, 5973, V.C.S. Meyers v. Walker,
276 S.W.305 (Civ.App.1925). The question therefore involved
in your request is whether an insurance firm which acts for
a corporation which issues such payment and performance bonds
outlined in your request has made a contract with the school
district. We believe the answer to this question to be no.

The contract for the construction of school buildings
is between the school district and the contractor. The pay-
ment bond and the performance bond is between the contractor

and the surety company. The school district has no authority to require a contractor to enter into bond contracts with any _particular_ surety company.

Under the facts outlined above, the prospective trustee would not be in violation of Article 373 of the Penal Code nor guilty of any official misconduct as defined in Articles 5970 and 5973, Vernon's Civil Statutes, if he wrote payment or performance bond contracts for contractors who did business with the school district.

### S U M M A R Y

A school board trustee who is also an executive or a member of an insurance firm which acts as agent for a corporation which issues payment and performance bonds for general construction contractors who regularly bid on and submit proposals for the construction of school buildings to be built by such school district is not in violation of Article 373, Vernon's Penal Code nor is he guilty of any official misconduct when he writes payment or performance bonds for a contractor with the school district.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Norman V. Suarez
Henry Braswell
J. C. Davis

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.